Filed 7/9/21  P. v. Dix CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077839 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CR139393) |
| JOHNNY ARTHUR DIX, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David M. Gill, Judge.  Affirmed.

Carl Fabian, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1993, a jury convicted Johnny Arthur Dix of second degree murder (Pen. Code,[1] § 187, subd. (a)).  The jury found true an allegation that Dix used a firearm in the commission of the offense (§ 12022.5, subd. (a)).  The

---

[1]     All further statutory references are to the Penal Code.

trial court found the allegation of a prior serious felony conviction (§ 667, subd. (a)) to be true.

Dix was sentenced to a term of 25 years to life, consisting of 15 years to life for second degree murder, plus five years for the firearm use and five years for the serious felony prior.

Dix appealed and this court affirmed the judgment in an unpublished opinion, *People v. Dix* (June 15, 1995, D020487).

In 2019, Dix filed a pro. per. petition for resentencing under section 1170.95. The court appointed counsel, received briefing, and issued an order to show cause (OSC). The prosecution filed a motion to reconsider the issuance of the OSC. The court granted the request and withdrew the OSC. Thereafter the court issued a written order denying Dix's petition.

In the court's order denying the petition, it concluded the record of conviction established Dix was the actual shooter who killed the victim. Dix was not prosecuted on either a felony murder or a natural and probable consequence theory of liability. The court found Dix was not eligible for relief under section 1170.95 and therefore denied his petition.

Dix filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Dix the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

The facts of the underlying offense are set forth in our previous opinion. We will not repeat them here. (*People v. Dix, supra*, D020487.)

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following issue that was considered in evaluating the potential merits of this appeal: Does the record of Dix's conviction rebut the allegations of Dix's petition stating he could not be convicted of murder under the current law?

We have reviewed the entire record as mandated by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Dix on this appeal.

## DISPOSITION

The order denying Dix's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

GUERRERO, J.

DO, J.

3